■ In the Matter of BIRNSCHUL BOWLING CORP., Doing Business as BOWLARAMA, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— GIBSON, P. J. Appeal from a decision of the Unemployment Insurance Appeal Board which sustained a determination assessing appellant employer the sum of $345.38 as additional contributions for the audit period November 29, 1958 — December 31, 1962, the assessment being upon the amounts of gratuities (as computed by the board in accordance with the Industrial Commissioner's rule 4 [12 NYCRR 480.4]) received by waitresses and like service employees from patrons of the restaurant and bar operated in conjunction with appellant's bowling hall. The statute dealing with "inclusions" in "remuneration" provides: "Where gratuities are received by the employee in the course of his employment from a person other than his employer, the value of such gratuities shall be determined by the commissioner and be deemed and included as part of his remuneration paid by his employer." (Labor Law, § 517, subd. 1.) The statute defining the general powers of the Industrial Commissioner in pertinent part provides that: "The commissioner shall administer this article and for such purpose he shall have power to make all rules and regulations * * * as may be necessary in the administration of this article." (Labor Law, § 530, subd. 1.) In compliance with this authority, the Commissioner promulgated his rule 4 providing, among other things, that the value of gratuities or tips received by a service employee shall be " (i) equal to the amount certified by each employee to his employer in a signed statement as received in the form of gratuities or tips * * * or (ii) if such statement has not been submitted by an employee, equal to seven and one-half per centum of the amount charged for food and beverages served by all such employees, except that such value shall be five per centum of such amount in regard to food and beverages served at counters and in drug stores." (12 NYCRR 480.4 [b] [1].) It is further provided by regulation that when "the value of gratuities received may be established by a statement submitted by an employee certifying the value of gratuities received by such employee, such statements shall be valid only if submitted not less frequently than once each calendar quarter". (12 NYCRR 470.3 [g].) We find nothing arbitrary or unreasonable in rule 4 or in the Commissioner's recourse to paragraph (ii) thereof in this case; certainly not, in the absence of any evidence submitted in accordance with paragraph (i). It was only after the assessment had been made and the hearing demanded by the employer had begun that the employer submitted any employees' certifications or tips statements, none of which complied with subdivision (g) of regulation 3, some being estimates made by some few employees or former employees, relating to, but made long after the audit period, and others being irrelevant as made for subsequent periods; and all being ineffective under the provision of subdivision (g) that "such

statements shall be valid only if submitted not less frequently than once each calendar quarter ". One computation produced by the employer on the hearing showed sales of $201,127 for the audit period, upon which the employer reported tips of $1,409, indicating a percentage of 7/10ths of 1% which seems completely unrealistic, even without reference to the provisions of Rule 4 assuming tips of 5% for counter sales of food and beverages and of 7½% for sales thereof at tables. The board was warranted in finding that " No evidence of a probative value was submitted by the employer to support its estimate of the gratuities received by the service employees" and its resultant determination must be sustained. Decision affirmed, with costs to respondent. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gibson, P. J.